Southampton Pool Serv., Inc. v Altschuler (2024 NY Slip Op 51554(U))

[*1]

Southampton Pool Serv., Inc. v Altschuler

2024 NY Slip Op 51554(U)

Decided on November 7, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 7, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, ELENA GOLDBERG-VELAZQUEZ, JJ

2024-93 S C

Southampton Pool Service, Inc., Respondent, 
against
Fred Altschuler, Appellant. 

Daniel P. Trunk, PLLC (Daniel P. Trunk of counsel), for appellant.
Killoran Law, P.C. (Christian Killoran, Esq.), for respondent (no brief filed).

Appeal from an order of the Justice Court of the Town of Southampton, Suffolk County (Gary J. Weber, J.), dated November 17, 2023. The order, insofar as appealed from as limited by the brief, denied the branch of defendant's motion seeking to vacate a judgment of the same court entered April 12, 2022 on the ground of lack of subject matter jurisdiction.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
Plaintiff filed a summons and endorsed complaint on December 30, 2009 seeking $3,000 for pool maintenance services performed between April 1 and December 31, 2008. On February 8, 2010, the parties entered into a stipulation of settlement pursuant to which defendant was to make three payments of $850 each between March 5 and May 5, 2010. The stipulation provided that, in the event of a default, plaintiff was entitled to enter judgment for the full amount sued for. Plaintiff alleged that defendant had not made the first payment within the agreed-upon time, and a judgment in favor of plaintiff in the sum of $3,000 was entered in the Justice Court on March 12, 2010 and renewed on April 12, 2022 (see CPLR 5014 [1]). Thereafter, defendant moved to, among other things, vacate the judgment pursuant to CPLR 5015 (a) (4), arguing that the Justice Court lacked subject matter jurisdiction because plaintiff, a corporation, could not commence a small claims action in the Justice Court. By order dated November 17, 2023, the Justice Court (Gary J. Weber, J.), insofar as is relevant to this appeal, denied that branch of defendant's motion.
Though UJCA 1809 precludes corporations, with limited exceptions not applicable here, from instituting small claims actions, the underlying action is not a small claims action. There is [*2]nothing in the record to indicate that the clerk of the court served notice of the claim on defendant "by ordinary first class mail and certified mail with return receipt requested" (UJCA 1803 [a]), as is required to commence a small claims action. Rather, the record contains an affidavit of service indicating that a private individual personally served the pleading on defendant. Thus, the underlying action was an ordinary action that was properly commenced in the regular part of the Justice Court (see UJCA 501). Consequently, the Justice Court correctly denied the branch of defendant's motion seeking to vacate the judgment for lack of subject matter jurisdiction.
Accordingly, the order, insofar as appealed from, is affirmed.
GARGUILO, P.J., DRISCOLL and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 7, 2024